UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

KUNIKO KEOHANE

      Plaintiff,                                    CASE NO.

v.

CITY OF KEY WEST

      Defendant

_____/

**PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, KUNIKO KEOHANE, by and through her attorneys, THE MASTROMARCO FIRM, and the REINER & REINER P.A., and hereby complains against Defendant CITY OF KEY WEST, stating as follows

**COMMON ALLEGATIONS**

1. That Plaintiff was a resident of Key West, FL from the years of 1973-2021.

2. That this Honorable Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331.  Venue is proper in the United States District Court for the Southern District of Florida, in that the Plaintiff was employed by the City of Key West, Florida, which is located in Monroe County, Florida, and all of the acts of discrimination took place in this jurisdiction.

3. That Plaintiff currently resides in the county of Lincoln, State of Oklahoma.

4. That Plaintiff's place of employment was Key West Police Department.

5. That Plaintiff was employed by Defendant since 2002 and was hired at the lowest

1

position of Law Enforcement Officer.

6. That since 2002, Plaintiff continuously held the same position from 2002-2021.

7. That Plaintiff applied for the position of Sergeant.

8. That in order for Plaintiff to be promoted to Sergeant, she had to pass the Sergeants Exam and had to be one of the top three scoring-candidates to be selected for the promotion.

9. That the Sergeants Exam is only administered once a year, typically in May.

10. That Plaintiff has taken and passed the Sergeants Exam for the last ten (10) years.

11. That Plaintiff scored in the top three highest scoring candidates three (3) times out of the last ten (10) years.

12. That the Sergeants Exam consists of a written exam that is administered by the City of Key West Civil Service Board.

13. That Plaintiff must pass the written portion of the Sergeant Exam and exceed a score of 70 to be eligible to sit for the Oral Board.

14. That the Oral Board exam is a panel of three commanding officers that work in the same agency as the test taker.

15. That the Oral Board consists of several questions, usually two subjective questions, and two questions about policies. Once the Oral Board is complete, the panel, usually two captains and one lieutenant will tally up the scores.

16. That Plaintiff has been eligible to sit for nine (9) Oral Boards out of ten (10).

17. That the Oral Board makes up 30% of the total score of the Sergeants Exam.

18. That the Oral Board exam is not recorded so there is no definitive way to confirm the scores or answers of candidates.

19. That the final score of the Sergeants Exam and the Oral Board is kept confidential with

no definitive way to confirm the final scores of any candidate, or whether the result was the product of discriminatory animus.

20. That the final score of the Sergeants Exam includes a seniority score with 5 being the maximum score.

21. That Plaintiff was the top scorer for the Sergeants Exam in 2014, 2017, and 2018 and had the maximum seniority score of 5.

22. That Chief Donnie Lee created the subjective questions during the pertinent years of 2008-2018 that were administered in the Oral Board.

23. That Plaintiff was evaluated by Chief Donnie Lee's subordinates in the years of 2008-2018.

24. That in 2014 Plaintiff was the co-top scorer but was not promoted because Chief Donnie Lee decided that Donnie Barrios, who scored the same as Plaintiff, should be promoted over Plaintiff.

25. That in 2017, Plaintiff was the top scorer with a score of 94, and as such, Plaintiff sat for the Oral Board. After the Oral Board Plaintiff dropped from the number one seed without any explanation, and the role was awarded to a male.

26. That around June of 2017, Plaintiff met with Chief Donnie Lee and expressed her concerns with the Oral Board and pointed out how part of the Oral Board is subjective and not absolute.

27. That Chief Donnie Lee admitted to writing the questions and told Plaintiff how he would have answered it. The question was "*Using the percentage, rate the importance of the department and officers to equal 100 percent*" and Chief Donnie Lee said the right answer is "The officers are at 60 and the department at 40" which is the exact answer

3

Plaintiff supplied during her 2017 Oral Board.

28. That after Plaintiff made it clear she answered the subjective question accurately, Chief Donnie Lee then shrugged his shoulders and said there was "nothing he could do about it now", or words to that affect.

29. That Plaintiff asked to see her answer compared to other candidate's answers. Chief Donnie Lee responded by making a snide comment stating "I don't have to nor will I."

30. That in 2018, Plaintiff received the top with a score of 91, and as such Plaintiff sat for the Oral Board. After the Oral Board, Plaintiff again dropped from the number one seed and was replaced by the number seventh seed, Joe Stockton, who was then promoted to Sergeant.

31. That in addition, another male, Mark Siracuse, who scored below Plaintiff and had roughly eight (8) years less experience was promoted over Plaintiff to fill the second Sergeant's position.

32. That it became apparent to other Officers and Sergeants that Plaintiff would never be promoted. In fact, Sergeant Mark Siracuse asked Plaintiff "*Do you think they're fucking with you?*" insinuating that Chief Donnie Lee and his subordinates were directly against Plaintiff becoming a Sergeant.

33. That in 2018, Chief Donnie Lee retired and his subordinate, Captain Sean Brandenburg, became Chief of Police.

34. That after 2018, Chief Sean Brandenburg assumed the duties and responsibilities that Chief Donnie Lee had, including creating the subjective questions for the Oral Board.

35. That in 2019 Plaintiff qualified and sat for the Oral Board again. Plaintiff was not selected for the promotion. Instead, Chief Sean Brandenburg selected Dave Kourly, who

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

was trained by Plaintiff, for the promotion of Sergeant.

36. That in 2020 Plaintiff qualified to sit for the Oral Board again. Plaintiff was not selected for the promotion. Instead, Chief Sean Brandenburg selected Alex Rodriguez, who was also trained by Plaintiff, for the promotion of Sergeant.

37. That as the next Sergeants Exam was approaching Plaintiff believed it was futile to take the Sergeants Exam again due to her past experiences, so she decided to not take the Sergeants Test and retire-out on August 2, 2021.

38. That Defendant has demonstrated a history of discriminatory animus by selecting males for the Sergeant promotion.

## COUNT I – SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT BY DEFENDANT

39. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of her Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

40. That Title VII of the Civil Rights Act makes it an unlawful employment practice for a respondent, in connection with the selection or referral of applicants or candidates for employment or promotion, to adjust the scores of, use different cutoff scores for, or otherwise alter the results of, employment related tests on the basis sex. 42 U.S.C. § 2000e-2(l)

41. That Defendant subjected Plaintiff to discriminatory treatment because of Plaintiff's sex.

42. That at all times material hereto, Plaintiff was and is a member of a protected class by virtue of her sex, female.

43. That at all times, material hereto, Plaintiff was qualified for the position she applied to, Sergeant.

5

44. That Defendant took adverse employment action against Plaintiff by failing to hire or promote Plaintiff to Sergeant.

45. That Defendant selected less qualified, male employees for the promotion.

46. That Plaintiff suffered said materially adverse employment actions under circumstances that give rise to an inference of sex discrimination.

47. That Defendant's proffered reasons for taking the above-referenced adverse employment actions are pretextual in nature.

48. That Defendant's proffered reasons for taking the above-referenced adverse employment actions are either not based in fact, did not actually motivate the decision, and/or were too insignificant to warrant the action taken.

49. That Defendant's actions constitute discrimination because of sex in violation of Title VII of the Civil Rights Act.

50. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and/or life insurance benefits, short- term and/or long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendants' actions along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

51. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation,

nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

52. All conditions precedent to the filing of this claim, including administrative remedies, have been performed, excused or waived.

53. That Plaintiff hereby claims compensatory and punitive damages pursuant to 42 U.S.C. § 1981a. together with reasonable attorney fees pursuant to 42 U.S.C. § 2000e-5(k).

54. WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just and proper.

### COUNT II – SEX AND/OR SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1983 & THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION BY DEFENDANT

55. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 38 of her Common Allegations and in paragraphs 40 through 54 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

56. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

57. That the Fourteenth Amendment to the United States Constitution provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

58. That there is an equal protection right to be free from employment discrimination, including discrimination because of sex.

59. That Defendant and its agents subjected Plaintiff to discriminatory treatment because of

Plaintiff's sex.

60. That at all times material hereto, Plaintiff was and is a member of an identifiable class by virtue of her sex, female.

61. That at all times material hereto, Plaintiff was and is qualified for the position she applied for, Sergeant.

62. That Defendant took adverse employment action against Plaintiff by failing to hire or promote Plaintiff to Sergeant.

63. That Plaintiff suffered said materially adverse employment actions under circumstances that give rise to an inference of sex discrimination.

64. That Defendant refused to promote Plaintiff, even though she ranked the highest amongst the qualified candidates.

65. That Defendant promoted two candidates over Plaintiff who were under qualified and scored less on the Sergeants Exam.

66. That Plaintiff was plainly a superior candidate for the position of Sergeant.

67. That Defendant's actions were not substantially related to the furtherance of an important government interest.  *Danskine v. Metro Dade County Fire Dep't*, 59 F. Supp. 2d 1252 (S.D.Fla.,1999).

68. That Defendant treated Plaintiff less preferentially than similarly situated employees outside of Plaintiff's protected class.

69. That Defendant's proffered reasons for taking the above-referenced adverse employment actions are pretextual in nature.

70. That Defendant's proffered reasons for taking the above-referenced adverse employment actions are either not based in fact, did not actually motivate the decision, and/or were

too insignificant to warrant the action taken.

71. That Plaintiff's equal protection rights to be free from employment discrimination were and are clearly established.

72. That Defendant is not entitled to qualified immunity.

73. That at all times material hereto, Defendant acted pursuant to a policy or custom.

74. That at all times material hereto, Defendant made the decisions to take materially adverse employment action against Plaintiff and to violate her equal protection rights.

75. That Defendant's actions constitute discrimination because of sex in violation of 42 U.S.C. § 1983 and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

76. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, bonuses, health, dental, vision, and/or life insurance benefits, short- term and/or long-term disability benefits, pension and/or retirement benefits, investment opportunities, employer contributions, and any other compensation and fringe benefits lost to Plaintiff as a result of Defendants' actions along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

77. That as a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer noneconomic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

78. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

THE MASTROMARCO FIRM | 1024 N. Michigan Avenue | Saginaw, Michigan 48602 | (989) 752-1414

79. That Plaintiff further claims expert witness fees pursuant to 42 U.S.C. § 1988(c).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, KUNIKO KEOHANE, by and through her attorneys, THE MASTROMARCO FIRM, and the REINER & REINER PA, and hereby demands a trial by jury on all of the above issues, unless otherwise expressly waived.

Dated: May 31, 2022         Respectfully submitted,

**THE MASTROMARCO FIRM**
VICTOR J. MASTROMARCO, JR. (Mich P34564)
KEVIN J. KELLY (P74546)
*Pro Hac Vice Admissions Pending*
*Attorneys for Plaintiff*
1024 N. Michigan Avenue/
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com

**REINER & REINER, P.A.**
*Local Counsel for Plaintiff*
9100 South Dadeland Blvd., Suite 901
Miami, Florida   33156-7815
Tel: (305) 670-8282; Fax: (305) 670-8989
*dpr@reinerslaw.com eservice@reinerslaw.com*

By: _____
**DAVID P. REINER, II, ESQ.**; FBN 416400